**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SOMCHAI NIMWANNO,

    Petitioner,

-vs-                                                          Case No.  8:05-CV-304-T-30TGW

UNITED STATES ATTORNEY GENERAL,
et al.,

    Respondents.
_____/

## ORDER

THIS matter comes before the Court on Respondent's Motion to Dismiss (Dkt. 4). Petitioner, a native and citizen of Thailand, was being held in detention by the Bureau of Immigration and Customs Enforcement (hereinafter "BICE")[1] at the Port Manatee Annex Facility, Bradenton, Florida, at the time he initiated this cause of action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1).  In the motion to dismiss, Respondent asserts that the petition is now moot because Petitioner is no longer being held in custody.

Petitioner states that he departed Thailand in 1962 in the company of his mother and stepfather, a member of the United States Air Force.  He was six-years-old at that time. Petitioner states that when he came to the United States with his family on July 1, 1973, he was granted lawful permanent resident status.   While residing in Florida,

---

[1] On March 1, 2003, the Immigration and Naturalization Service (hereinafter "INS") ceased to exist and its functions were transferred from the Department of Justice to the Department of Homeland Security.  Most INS enforcement functions were transferred to the Bureau of Customs and Border Protection, while service functions were transferred to the Bureau of Citizenship and Immigration Services.

Petitioner was convicted in 1978 for possession of marijuana, in 1981 for being an accessory after the fact to a robbery, in 1993 for possession of cocaine, in 1998 for possession of a firearm by a felon, and in 2003 for possession of methamphetamines. Petitioner was ordered removed in absentia on January 4, 2001. On December 8, 2003, Petitioner was taken into custody by BICE personnel and detained in the Clay County Jail. On an unknown date, Petitioner was transferred to the Port Manatee Annex Facility, Bradenton, Florida, where he was being held in detention pending repatriation to Thailand. According to Petitioner, his family was informed verbally by Thailand embassy personnel that the government of Thailand has repeatedly declined to issue travel documents for him.

Petitioner does not challenge his removal order. Instead, he asserts that his removal to Thailand is not likely in the foreseeable future and contends that his continued detention violates § 241(a)(6) of the Immigration and Nationality Act as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Dkt. 1 ¶ 30. Petitioner asks this Court to direct the Respondent to release him from custody immediately (Dkt. 1 (unnumbered)).

Respondent has filed a Motion to Dismiss for Mootness, stating that Petitioner was removed to Thailand on February 7, 2005. In support of the motion, Respondent has filed a copy of a travel itinerary which states that Petitioner was scheduled to depart the United States aboard Flight 1595 leaving O'Hare Airport, Chicago, Illinois, at 1:00 p.m., Monday, February 7, 2005, en route to Bangkok, Thailand, via Tokyo Narita, Japan (Dkt. 4, Ex. B), and a Custody Summary dated March 7, 2005, which states that Petitioner was released from the Port Manatee Annex Facility, Bradenton Florida, on February 7, 2005 (Dkt. 4, Ex.

A (unnumbered)). A copy of the verified return of the August 10, 2002 Warrant of Removal/ Deportation directing that Petitioner be taken into custody and removed from the United States is also attached to Respondent's motion. *Id.* According to the service officer who executed the warrant, on February 7, 2005, he witnessed Petitioner's departure from the United States aboard United Airlines Flight 1595, leaving from Chicago, Illinois. *Id.*

A review of the record reveals that when Petitioner signed his petition, he dated it February 11, 2005, and certified that the petition was mailed to Respondent on the same date. This contradicts the information provided by Respondent. The docket reveals, however, that the Notice of Designation (Dkt. 3) mailed to Petitioner at his address of record on February 22, 2005, was returned to the Clerk marked "undeliverable" on March 2, 2005. Petitioner has not filed a change of address.

Moreover, according to the certificate of service attached to the motion to dismiss, a copy thereof was mailed to Petitioner at his address of record on March 8, 2005 (Dkt. 4 at 3). Local Rule 3.01(b) (M.D. Fla. 2004) provides, in pertinent part, that "[e]ach party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested." Petitioner has not filed opposition to the motion.

While a release from custody will not always moot a request for federal habeas relief, in the instant case, where the only challenge a petitioner raises is to his continued detention, the petitioner's release does moot the petition. Given the discrepancy in dates discussed above, however, the dismissal of the petition will be without prejudice to Petitioner moving to reopen this case within **THIRTY (30)** days hereof.

ACCORDINGLY, the Court **ORDERS** that:

1. The Government's Motion to Dismiss for Mootness is **GRANTED** (Dkt. 4). The Petition for Writ of Habeas Corpus is **DISMISSED without prejudice** to Petitioner moving to reopen this case on or before **May 25, 2005.**

2. In the event Petitioner fails to file a timely motion to reopen, the Clerk shall enter judgment against him, terminate all pending motions, and close this case.

**DONE and ORDERED in Tampa, Florida on April 26, 2005.**

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copies furnished to:
All Parties of Record